**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID HENRY PINCKNEY,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PASSAIC and OFFICER LUIS MARQUEZ,<br><br>Defendants. | Civil Action No. 17-5149 (ES) (JAD)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

Before the Court is City of Passaic and Officer Luis Marquez's ("Defendants'") motion to dismiss David Henry Pinckney's ("Plaintiff's") Complaint (D.E. No. 1, Complaint ("Compl.")). (D.E. No. 22). The Court has considered the parties' submissions and rules on the motion without oral argument. *See* D.N.J. Civ. R. 78.1(b). For the reasons below, the motion is GRANTED.

**I.    Factual Background**

The Complaint's allegations are sparse, but the Court will set out facts as described therein. *See Bistrian v. Levi*, 696 F.3d 352, 358 n.1 (3d Cir. 2012). On December 29, 2016, Plaintiff's "car was towed allegedly in a handicapped parking space" after it was ticketed. (*See* Compl. at 3). This ticketing and towing "prior to trial [constitutes a] Bill of Attainder," Plaintiff asserts, and the towing was "illegal[] & improper[]" because it was "outside the constrictions of the 4th Amendment." (*Id.*). As a result of those alleged constitutional torts, Plaintiff seeks various relief, including that "Ticket 1607-E16-019355 [be] voided and all funds paid returned;" "City of Passaic

1

cease prosecutorless hearings;" and Plaintiff be "compensated $4,356 sum certain for having his 4th, 5th and 14th Amendment rights violated (PLUS) Article I Rights violated." (*Id.* at 4).

Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, among other grounds. (*See* D.E. No. 22-6 ("Def. Br.") at 4–5 (E.C.F. pagination)). Plaintiff, *pro se*, opposed the motion to dismiss in a brief and conclusory letter. (*See* D.E. No. 27).

## II. Legal Standards

### A. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." But in order to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).

Pursuant to the pleading regime established by *Twombly* and *Iqbal*, the Court of Appeals for this Circuit has promulgated a three-pronged test of the sufficiency of a complaint. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the Court considers "the elements a Plaintiff must plead to state a claim." *Id.* Second, the Court distinguishes the facts from the legal conclusions contained in the complaint, as the latter "are not entitled to an assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 680). That is, a complaint's "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678, cannot "nudge[] [a plaintiff's] claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570. Finally, the Court considers the complaint's remaining well-pleaded factual

2

allegations and "determine[s] whether they plausibly give rise to an entitlement for relief." *Santiago*, 629 F.3d at 130 (quoting *Iqbal*, 556 U.S. at 679).

Throughout this process, the Court is "required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the nonmovant." *See, e.g., McDermott v. Clondalkin Grp., Inc.*, 649 F. App'x 263, 266 (3d Cir. 2016). And, further, "[i]n considering the defendants' motion to dismiss, the . . . Court [i]s required to interpret the pro se complaint liberally . . . ." *See, e.g.*, *Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018).

### III. Analysis

Even "accept[ing] as true all allegations in the Complaint, and all reasonable inferences that can be drawn from them after construing them in the light most favorable to [Plaintiff]," *see McDermott*, 649 F. App'x at 266, the Complaint has failed to state a claim under either Article I or the Fourth, Fifth, or Fourteenth Amendment, and therefore cannot survive Defendants' motion to dismiss, *see, e.g., Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 217 (3d Cir. 2013).

#### A. Article I, Section 10, Clause 1

Article I, Section 10, Clause 1, of the United States Constitution provides: "No State shall . . . pass any Bill of Attainder . . . ." *Artway v. Attorney Gen.*, 81 F.3d 1235, 1253 (3d. Cir. 1996). Bills of attainder are "legislative acts . . . that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without judicial trial." *United States v. Lovett*, 328 U.S. 303, 315 (1946). "A plaintiff challenging a legislative act on the ground that it is a bill of attainder must prove three elements: nonjudicial infliction of punishment; specificity as to the identity of individuals affected; and lack of a judicial trial." *Coalition of N.J. Sportsmen, Inc. v. Whitman*, 44 F. Supp 2d 666, 692 (D.N.J. 1999). "[O]nly the

3

clearest proof could suffice to establish the unconstitutionality of a statute" on the basis that it is a bill of attainder. *Communist Party of U.S. v. Subversive Activities Control Bd.*, 367 U.S. 1, 83 (1961) (quoting *Flemming v. Nestor*, 363 U.S. 603, 617 (1960)).

Here, Plaintiff alleges that the "ticket[ing] and tow[ing of his vehicle] prior to trial" is a "bill of attainder." (Compl. at 3). As a threshold matter, however, Plaintiff has not identified any "legislative act[]" that has "inflict[ed] punishment on [hi]m." *See Lovett*, 328 U.S. at 315. And among other pleading flaws, Plaintiff has not alleged "specificity as to the identity of individuals affected" by such an act. *See Whitman*, 44 F. Supp 2d at 692. Accordingly, the Court must dismiss Plaintiff's apparent bill of attainder claim. *See, e.g.*, *Stanko v. Obama*, 434 F. App'x 63, 65 n.2 (3d Cir. 2011).

### B. Fourth Amendment

The Fourth Amendment to the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

The impoundment of a vehicle could constitute a seizure within the meaning of the Fourth Amendment. *See, e.g.*, *United States v. Smith*, 522 F.3d 305, 310–15 (3d Cir. 2008). But "[t]he touchstone of the Fourth Amendment is reasonableness. The Fourth Amendment does not proscribe all state-initiated searches and seizures; it merely proscribes those which are unreasonable." *Florida v. Jimeno*, 500 U.S. 248, 250 (1991).

Here, "Plaintiff has not [adequately] alleged a violation of the Fourth Amendment for the seizure and towing of his vehicle, or for the . . . impounding of his vehicle." *See Bey ex rel. Ruiz v. McKinney*, No. 15-8089, 2017 WL 1024275, at *3 (D.N.J. Mar. 15, 2017). In other words, the

4

Complaint does not plausibly support the conclusion that the seizure of Plaintiff's vehicle was unreasonable; and it apparently supports an opposing inference: Plaintiff's "car was towed [from] a handicapped parking space" after it was ticketed. (*See* Compl. at 3).[1]

"In view of the circumstances here . . . it hardly would be possible to make a plausible argument that [the state] acted unreasonably in impounding and removing the vehicle." *See Smith*, 522 F.3d at 315; *see also United States v. Miller*, 662 F. App'x 169, 172 (3d Cir. 2016) (ruling that the impoundment of a vehicle "was a reasonable exercise of the community caretaking function").

### C. Fifth and Fourteenth Amendments

The Fifth Amendment to the United States Constitution provides:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

And Section 1 of the Fourteenth Amendment to the United States Constitution provides:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Plaintiff mentions in passing that his "5th and 14th Amendment rights [were] violated." (*See* Compl. at 4). But a complaint's "[t]hreadbare recitals of the elements of a cause of action,

---

[1] State law prohibits parking "[i]n any space on public or private property appropriately marked for vehicles for the physically handicapped . . . unless the vehicle is authorized by law to be parked therein and a handicapped person is either the driver or a passenger in that vehicle." N.J.S.A. § 39:4-138(*o*).

supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678, cannot "nudge[] [a plaintiff's] claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570. Here, the Complaint contains nothing more than "mere conclusory statements" regarding the alleged Fifth and Fourteenth Amendment claims (*see generally* Compl.), so they must be dismissed. *See, e.g.*, *Hawkins v. Coleman Hall, C.C.F.*, 453 F. App'x 208, 210–11 (3d Cir. 2011) (affirming the dismissal of alleged Fifth and Fourteenth Amendment claims under Rule 12(b)(6)); *Malleus v. George*, 641 F.3d 560, 566 (3d Cir. 2011) (affirming the dismissal of alleged Fourteenth Amendment claim under Rule 12(b)(6)); *Aruanno v. Spagnuolo*, 292 F. App'x 184, 186 (3d Cir. 2008) (affirming the dismissal of alleged Fifth Amendment claim under Rule 12(b)(6)).

**IV.** **Conclusion**

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss: The Compliant is DISMISSED *without prejudice*. To the extent Plaintiff can cure any deficiencies identified in the Court's Opinion, Plaintiff may do so within thirty days in an amended complaint. But "application for dismissal . . . may be made if a timely amendment is not forthcoming within that time." *See Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000) (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976) (per curiam)). **And a failure to amend within thirty days or to cure the deficiencies identified in the Court's Opinion will result in a dismissal *with prejudice*.** An appropriate order will accompany this Opinion.[2]

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[2] In the accompanying Order, the Court will observe that one of Plaintiff's other pending motions is MOOT and that one is DENIED. (*See* D.E. Nos. 14 & 21). Both motions are appeals of magistrate judge decisions. (*Id.*; D.E. No. 21). The Court DENIES the latter motion—Plaintiff's appeal of the denial of a motion for default judgment (D.E. No. 21)—because the Complaint "plainly fail[s] to state a viable claim." *See, e.g.*, *Huafeng Xu v. Walsh*, 604 F. App'x 124, 126 (3d Cir. 2015) (ruling that "default judgment was not warranted . . . because [the] complaint plainly failed to state a viable claim" and that "[t]he District Court therefore did not abuse its discretion in denying [a] request for a default judgment" or in "denying . . . remaining pending motions").